### MEGUIN v. BUEHLER et al.

(Supreme Court, Equity Term, Queens County.   February 28, 1913.)

FRAUDULENT CONVEYANCES (§ 95*)—CONVEYANCES IN PERFORMANCE OF MORAL OBLIGATION OF GRANTOR—VALIDITY.

> Where a wife discontinued her action for separation on obtaining absolute title to a half of the property held by the parties as tenants by the entirety, and agreed with her husband to convey the other half whenever he desired it, a conveyance by her at his request while they were living separate was in performance of a moral obligation, and was not in fraud of her creditors.

> [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 243–288; Dec. Dig. § 95.*] ·

Action by Rose Meguin against Mary Buehler and others.   Judgment for defendants.

Thomas Cradock Hughes, of Brooklyn, for plaintiff.

Clarence Edwards, of Elmhurst, for the defendants Frank and Louis Buehler.

BLACKMAR, J.   I announced on the trial that I should grant judgment for the plaintiff setting aside the conveyances to the extent of Mary Buehler's interest in the property; but subsequently, doubting the propriety of my decision, I called on counsel for briefs, and, after due consideration, have reached a contrary conclusion.

The action was brought to set aside as fraudulent conveyances by the defendant Mary Buehler to Louis Buehler and Florence Buehler. Both the grantees were nominees of the grantor's husband, Frank Buehler; one being his brother and the other his daughter.   Both conveyances were made without consideration passing between the husband and wife, and there were other badges of fraud in the transfers. If nothing further had appeared, an inference that the deeds were given to hinder, delay, and defraud plaintiff would be required; but other facts were established, which changed the complexion of the case.

In October, 1910, the defendants Mary Buehler and Frank Buehler, her husband, were living separate and apart, and Mary Buehler had brought an action against her husband for a separation.   At that time the husband and wife owned a number of pieces of property as tenants by the entirety, and attempts were made by the children and others to bring the husband and wife together and to induce the wife to abandon the action for a separation.   She consented to do so on the condition that one-half of the property, which was held by them both as tenants by the entirety, should be conveyed absolutely to her.   The parties met for that purpose, and one-half of the property was conveyed by the husband to the wife.   She agreed to discontinue the action for a separation, and the husband, through his attorney, said that, as the parties were tenants by the entirety of the property, the husband would require the wife's signature when he sold the remaining one-half

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rev'r Indexes

of the property. The wife answered that she would give it whenever it was required, and the husband said he was willing to trust his wife.

Subsequently the wife was sued by the plaintiff for alienating her husband's affections, and, pending that trial, the husband met the wife and requested her to make the conveyances which she had promised. She consented, and, going to the notary's office, the deeds were drawn up, signed by her, and acknowledged and delivered. The deed to one part of the property was taken in the name of the husband's brother, and to the other in the name of the daughter of the parties. A few days thereafter the plaintiff's action against the defendant Mary Buehler was brought to trial, and resulted in a judgment of upwards of $8,000 in favor of the plaintiff and against the defendant Mary Buehler.

At the time of the transfers, the defendants Mary Buehler and Frank Buehler were not living together, as they had again separated, presumably on account of the action against the wife, and the wife has left the jurisdiction, and no longer has any relations with her husband or her children. Whatever may be said as to whether the agreement between the husband and wife was an agreement to partition the land which they held as tenants by the entirety, which was partially performed by the husband's conveying one-half of the property to the wife, so that the wife was under an obligation to complete the agreement by conveying the other one-half of the lands to the husband, yet she had promised to sign the deeds when the husband required, and she was under a moral obligation so to do. It was in performance of this moral obligation that the conveyances, which are attacked in this action, were made. If this be so, the conveyances were not fraudulent as to the plaintiff. It was the wife's duty to convey the land at the direction of the husband, and this duty was superior to the rights of the plaintiff to satisfaction out of this land.

I am therefore led to the conclusion that the defendants should prevail. However, since the appearances were such as to indicate fraud in the conveyances, I do not think the plaintiff should once again be penalized by being charged with the costs of this action, and I therefore render judgment for the defendants, without costs.